Contracts; exhaustion of administrative remedies. — Plaintiff contracted with the Navy to construct certain surface ships as well as submarines, and also contracted (Marad subsidized) to construct other ships. Plaintiff asserts that because of a large volume of changes under the submarine contracts, costs were increased and construction thereof was delayed, and that these actions and alleged breaches of contract disrupted and delayed construction of the surface ships. Plaintiff’s petition states that the claims alleged therein are *1095 in the process of being prepared for submission to the Contracting Officer and are expected to be submitted in early 1971, and that because a question may exist as to whether the claims are for breach of contract or are “under the contract” or both, the petition was filed for the sole purpose of preventing plaintiff’s claims from becoming barred by the running of the statute of limitations. Plaintiff has moved to suspend proceedings pending exhaustion of its administrative remedies and defendant has moved to dismiss the petition without prejudice. On November BO, 1970 the court, upon consideration of the motions, together with the responses filed in opposition thereto, without oral argument, ordered that defendant’s motion be and the same is denied and plaintiff’s motion be and the same is granted. See Zidell Explorations, Inc. v. United States, 192 Ct. Cl. 331, 427 F. 2d 735 (1970) and Western Elec. Co. v. United States, Ct. Cl. 434-66, order entered February 19, 1970. See also National Steel & Shipbldg. Co. v. United States, 190 Ct. Cl. 247, 419 F. 2d 863 (1969).